IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY M. JENKINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-3002-STA-egb |
| | ) | |
| WILLIAM OLDHAM, Sheriff and | ) | |
| CATHY SILVERSTEIN Shelby County | ) | |
| Public Defender | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DIRECTING PLAINTIFF TO FILE A NON-PRISONER *IN FORMA PAUPERIS*
AFFIDAVIT OR PAY THE $400 CIVIL FILING FEE**

On December 22, 2016, Plaintiff Terry M. Jenkins ("Jenkins") who at; the time of filing was a pre-trial detainee at the Shelby County Criminal Justice Center ("Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, followed by a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 4.) The Court granted Jenkins leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 9.) From a separate matter, the Court is now aware that Jenkins has been released from Jail. (*Jenkins v. City of Memphis*, *et al.*, Case No. 17-cv-2441, ECF No. 8.)

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. However, in this case, the filing fee was not paid prior to Plaintiff's release.

Under these circumstances, the Sixth Circuit has held that, "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Therefore, Jenkins is ORDERED to submit either the five-page non-prisoner *in forma pauperis* affidavit or the entire $400 filing fee[1] within 30 days after the date of this order. The Clerk shall mail Jenkins a copy of the non-prisoner *in forma pauperis* affidavit form along with this order.

Failure to comply with this order in a timely manner will result in the dismissal of this action without further notice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 19, 2018

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Therefore, if Plaintiff submits a non-prisoner affidavit and the Court finds that he still qualifies for pauper status, he will not be responsible for the additional $50 fee.